OPINION OF THE COURT
John R. Tenney, J.
Plaintiff was injured in a high school soccer game. He has commenced an action against the school, its insurance carrier and the administrator of the insurance policy. In this motion, *492 plaintiff seeks to dismiss two affirmative defenses raised by both the carrier and the administrator, to wit, lack of subject matter and in personam jurisdiction.
These affirmative defenses are patently improper and the administrator has consented to their dismissal. It appears, however, that the carrier has been placed in rehabilitation, and that, by order of liquidation dated February 7, 1985, "all parties to law suits * * * are * * * hereby enjoined and restrained from proceeding with any pre-trial conference, trial, application for judgment, or proceeding on judgments or settlements , in such actions at law, suits in equity, special or other proceedings in which [the insurer] is obligated to defend a party insured * * * for a period of 180 days”.
The issue is whether this injunction is broad enough to encompass this motion to dismiss affirmative defenses. No controlling precedent has been cited by the parties. However, this court notes the similarity between this injunction and the automatic stay provisions under the bankruptcy laws (11 USC § 362). In speaking of the stay, other courts have stated that its purpose is "to protect the bankrupt and to relieve the courts from pointless and needless litigation” (David v Hooker, Ltd., 560 F2d 412, 417). Thus, such matters as previously ordered depositions or other discovery matters have been allowed to proceed, in spite of the stay, since they do not violate the policy behind the stay. (Supra, at p 418; Matter of Holtkamp, 669 F2d 505 [7th Cir 1982].)
The same consideration should apply here, and the motion to strike defenses should be granted. In so doing, it should be noted that the insurer is in no way prejudiced. More importantly, to require the parties to renotice the matter in 180 days, where the outcome is so clear, would not only create unnecessary expense for them, but would not serve the interest of judicial economy.